J-S09032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN P. KEITH | : | |
| | : | |
| Appellant | : | No. 2218 EDA 2021 |

Appeal from the Judgment Entered October 21, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2019-006151

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 12, 2022**

Kevin P. Keith (Appellant) appeals the judgment entered by the Court of Common Pleas of Delaware County in favor of Bank of America, N.A. (BOA). After careful review, we affirm.

On July 24, 2019, BOA filed this action seeking to recover the unpaid balance on a credit card which had been issued to Appellant.  BOA asserted that Appellant had requested the card online, accepted the card after it had been mailed to his home, and thereafter used the account to purchase goods and obtain cash advances in accordance with the customer agreement.  BOA indicated that as of May 31, 2017, Appellant's account had an unpaid balance of $13,730.62.

_____

[*] Former Justice specially assigned to the Superior Court.

On September 1, 2019, the trial court entered a default judgment against Appellant for failing to file an answer. However, upon Appellant's filing of a Petition to Open/Strike the Judgment, the trial court opened the judgment on March 4, 2020 and directed Appellant to file an answer to BOA's complaint.

In his answer, Appellant claimed he had no recollection of requesting a credit card electronically as described in BOA's complaint. In new matter, Appellant argued that "the predicate to the issuance of a credit card is a request or application by the alleged holder." Answer, at 1 (citing 15 U.S.C. § 1642 ("[n]o credit card shall be issued except in response to a request or application therefor")). As such, Appellant asserted that BOA was not entitled to relief as it could not show he made an application or a request for the credit card. Appellant did not assert that a request for the credit card was fraudulently submitted.

On August 5, 2020, the parties proceeded to an arbitration hearing after which an award was entered in favor of BOA. Appellant appealed the arbitrators' award to the Court of Common Pleas.

On April 1, 2021, a virtual bench trial was held at which BOA presented the testimony of Pamela Ritter, assistant vice-president of the BOA collections services department. Ms. Ritter, who worked at BOA for 28 years, testified she was familiar with BOA's process for maintaining its electronic records with respect to credit card applications, terms and conditions of the agreements, and subsequent statements. Notes of Testimony (N.T.), 4/1/21, at 15-17.

Ms. Ritter indicated that, in the ordinary course of business, upon BOA's receipt of an electronic request for a credit card, the request is submitted for review, and if approved, BOA sends the applicant a physical credit card along with the corresponding terms and conditions of the account. N.T. at 21, 40-41. Ms. Ritter also explained that credit card statements are all generated electronically, digital copies of the statements are linked to the customer's account, and paper copies of the statements are mailed to the account holder's address. N.T. at 48-52.

BOA presented as an exhibit a copy of an electronic request for a credit card it received on January 20, 2015, which contained personal information identifying Appellant as the applicant: Appellant's name, address, social security number, date of birth, current income, current employer, and current employment position. N.T. at 18-20; Plaintiff's Exhibit 3 ("Applicant Details Record"). When BOA's counsel called Appellant to testify in its case-in-chief "as on cross," Appellant testified that the information set forth on the "Applicant Details Record" was accurate. N.T. at 79-80.

After BOA issued the credit card at issue and assigned it to an account ending in 0940 ("0940 credit card"), the physical credit card, the agreement containing the terms and conditions of the use of the 0940 credit card, and all subsequent account documents were mailed to Appellant at the address listed on the "Applicant Details Record" as 413 N. Orange Street, Suite A, Media, PA 19063 ("Orange Street address"). N.T. at 21, 40-41, 44-49. None of these documents were returned to BOA by the U.S. Postal Service or by any other

means. N.T. at 47-49. Appellant testified that he lived at the Orange Street address during all the times relevant to this case. N.T. at 79.

Appellant admitted that he had made at least one payment to BOA to satisfy charges on the 0940 credit card. N.T. at 72, 76, 81. BOA entered as an exhibit a check dated November 12, 2015 made payable from Kevin P. Keith to BOA in the amount of $200.00 with the notation "For 0940." Plaintiff's Exhibit 4. Appellant admitted that this was his check and never disputed any of the charges listed on the numerous statements sent to his Orange Street address. N.T. at 81. The last payment made on the 0940 account was October 28, 2016. N.T. at 49. When BOA sent the last statement to Appellant, the balance on the account as of May 31, 2017 was $13,730.62. N.T. at 49. Counsel specifically conceded at trial that Appellant was not arguing that the credit card request was fraudulently made. N.T. at 28.

After the trial had concluded, on July 6, 2021, the trial court issued an order setting forth its factual findings and conclusions of law in determining that BOA was entitled to a judgment against Appellant in the amount of $13,730.67.

On July 13, 2021, Appellant filed a motion for post-trial relief and on July 14, 2021, BOA filed an answer to Appellant's motion for post-trial relief. The trial court subsequently directed the parties to file memoranda in support of their positions. On October 21, 2021, the trial court entered an order denying Appellant's motion for post-trial relief and entered judgment in favor of BOA. This timely appeal followed.

Appellant raises the following issues for our review on appeal:

1) Did the lower court err by finding as a conclusion of law that the document titled "Applicant Details Record" constituted [Appellant's] application/request for a credit card under 15 U.S.C. [§] 1642?

2) Did the lower court err by using irrelevant/immaterial evidence, admitted without foundation and in violation of Pa.R.E. 901(B)(11) to infer the existence of an "application or request" required under federal law, 15 U.S.C. [§] 1642?

Appellant's Brief, at 4.

Both of Appellant's claims on appeal are based on his citation to the federal Truth-in-Lending Act which states that "[n]o credit card shall be issued except in response to a request or application therefor."  15 U.S.C. § 1642. Appellant argues that "no credit card contract exists … [as t]here is no evidence that [Appellant] was the person who requested or applied for the issuance of a credit card."  Appellant's Brief, at 11.  We disagree.

It is well-established that "[t]he Truth-in-Lending Act was passed primarily to aid the unsophisticated consumer so that he would not be easily misled as to the total costs of financing."  ***Thomka v. A.Z. Chevrolet, Inc.***, 619 F.2d 246, 248 (3d Cir. 1980) (citing 15 U.S.C. § 1601).  The Act seeks to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various terms available to him and avoid the uninformed use of credit."  15 U.S.C. § 1601.  However, while "[t]he design of TILA was to provide protection to consumers by affording them meaningful disclosure and thereby an opportunity to shop for credit[,] [it] was not

designed, nor should it be used to thwart, the valid claims of creditors." **Basham v. Fin. Am. Corp.**, 583 F.2d 918, 928 (7th Cir. 1978).

Appellant's claim that there was no evidence that he submitted an electronic request for a credit card from BOA is belied by the record. As noted above, BOA presented evidence that it received an electronic request for a credit card which contained numerous pieces of personal, confidential information which identified Appellant as the applicant. Appellant admitted that all of the information on the electronic request (including his name, address, date of birth, social security number, employment and salary information) was accurate.

Appellant did not raise a defense that the request was fraudulently made in his name and in fact, his counsel expressly indicated that Appellant was not claiming this defense. Appellant did not offer any alternative explanation as to how the card was issued in his name.

Further, Appellant readily admits that he accepted the card that was sent to his home and at no point challenged any of the charges on the account on the numerous credit card statements sent to his home. Appellant admitted to making at least one payment to BOA to satisfy the credit card charges via a check which included his name, address, and a note that the payment was for the 0940 account. After no payments were made on the account after October 28, 2016, the balance due on the credit card as of the last statement sent to Appellant on May 13, 2017, was $13,730.62.

Accordingly, in reviewing the record, we find no error in the trial court's finding that the documentary and testimonial evidence presented at trial supported the conclusion that Appellant had made an electronic request to BOA seeking a credit card.

In Appellant's second claim on appeal, he argues that the trial court erred in using "irrelevant/immaterial evidence admitted without foundation, to infer the existence of an 'application or request'" for a credit card. Appellant's Brief, at 12. Appellant suggests that BOA's "Applicant Details Record," which the trial court deemed to be evidence of Appellant's electronic request for a credit card, was an inadmissible piece of digital evidence under Pa.R.E. 901 as he alleged that BOA could not prove the identity of the person making the electronic request for a credit card.

Rule 901 provides that "[u]nless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a).

With respect to digital evidence, Rule 901 states that parties may connect a particular individual or entity to the digital evidence through circumstantial evidence such as "identifying content." Pa.R.E. 901(b)(11)(B). The note to Rule 901 provides that "[t]he proponent of digital evidence is not required to prove that no one else could be the author. Rather, the proponent must produce sufficient evidence to support a finding that a particular person or entity was the author." Pa.R.E. 901, note.

As set forth above, the information provided on BOA's "Applicant Details Record" included personal and confidential identifiers that Appellant conceded were accurate, including, but not limited to, Appellant's social security number and his salary at that time, which was information that constituted knowledge only possessed by Appellant. The identifying content on the "Applicant Details Record" connected Appellant to the electronic request for a credit card to show he was in fact the individual who submitted the digital content. Appellant made no allegation that the credit card request had been fraudulently made. Therefore, we also reject Appellant's claim that the trial court abused its discretion in admitting this digital evidence.

Moreover, while not specifically challenged by Appellant, the trial court correctly noted that BOA was entitled to relief as "Appellant's acceptance of and use of, and payment related to, the 0940 credit card, constitutes acceptance of the terms related to the 0940 credit card, creating a legally enforceable contract." Trial Court Opinion, 7/9/21, at 6 (citing *Shovel Transfer & Storage, Inc. v. Pennsylvania Liquor Control Bd.*, 739 A.2d 133, 136 (Pa. 1999) (finding that an enforceable contract was formed although the contract had not been signed as "the parties, with the capacity to contract, clearly manifested assent to the terms of the contract through their conduct")).

For the foregoing reasons, we affirm the judgment entered below.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2022